MEMORANDUM ***
Stella L. Carter (“Carter”) seeks Title II Disability Insurance Benefits. An Administrative Law Judge (“ALJ”) denied benefits, and the district court affirmed.
On appeal, Carter challenges the ALJ’s Residual Functional Capacity (“RFC”) analysis. She argues that the ALJ erred by fading to mention the records or findings of Dr. Malabed, a treating'physician who found that Carter suffered from a range of motion limitation and degenerative disc disease. An ALJ has an obligation to explain why significant probative evidence has been rejected. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984). When the probative evidence takes the form of a treating physician’s contradicted medical findings, an ALJ must articulate specific and legitimate reasons for the rejection. Carmickle v. Comm’r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008). In light of these standards, the ALJ’s failure to mention Dr. Malabed’s findings was erroneous.
Further, the ALJ’s error pervades the entire RFC assessment. Dr. Malabed’s opinion contains objective medical evidence of Carter’s impairments. The ALJ relied on a lack of such evidence to reject the functional limitations found by Dr. Wiggins and to discount Carter’s credibility. Therefore, remand is necessary for the ALJ to consider Dr. Malabed’s records and to perform a new RFC analysis.[1]
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Since a new RFC analysis is necessary, we do not address Carter’s other challenges to the RFC calculation or her allegation that the ALJ improperly relied on the grids.